IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK SALINSKE, for himself and all others similarly situated, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| CALUMET CITY, ILLINOIS, | ) ) ) ) |
| *Defendant*. | ) ) ) |

Case No. 08-cv-03017

Judge Wayne R. Anderson
Magistrate Judge Morton Denlow

## **PLAINTIFF NICK SALINSKE'S MOTION FOR CLASS CERTIFICATION**

Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), Plaintiff Nick Salinske ("Salinske") respectfully requests that this Court enter an order determining that this action may proceed as a class action against Defendant Calumet City, Illinois ("City"). Salinske defines the proposed class as all owners of residential property in City who are subject to City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance") and who have listed their property for sale or transfer, either on their own, through a real estate agent or broker, or in some other manner. Salinske further requests that he be appointed class representative and his counsel, Grippo & Elden LLC, be appointed counsel for the class. In support of this Motion, Salinske states as follows:

   1. Salinske, a property owner in City, has filed this class action seeking, among other things, a declaration that City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance") is unconstitutional. The POS Inspection Ordinance provides that City property owners are prohibited from selling their property unless it "passes" an inspection during

150794.1

which City can order property owners to make cosmetic repairs to their property.  Salinske contends that the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to freely sell their property without due process of law.  Salinske also contends that the POS Inspection Ordinance is unconstitutional because it contains no due process protection against City requiring that legal nonconforming property – as compared to illegally converted property – be "deconverted" (*i.e.*, reduced to fewer units) before it can be sold.

        2.       Salinske also seeks a declaration that City's uniform refusal to issue re-build letters (*i.e.*, stating that legal nonconforming property can be rebuilt as such in accordance with City's Zoning Ordinance) in connection with the sale of legal nonconforming property is unconstitutional.  He contends that City's refusal to issue re-build letters and/or other confirmation that property is legal nonconforming is unconstitutional because City effectively prohibits owners of legal nonconforming property from selling such property as nonconforming in violation of the protections in the U.S. Constitution and 65 ILCS 5/11-13-1.  More specifically, Salinske contends that City knows that lenders require a re-build letter from City before lenders will loan money for the purchase of legal nonconforming property but City uniformly refuses to issue such letters.  As a result of City's conduct, owners of legal nonconforming property are effectively prohibited from selling their property as legal nonconforming and instead are forced by City to deconvert their property if they want to sell it.

        3.       This case presents the same issues raised in litigation brought by the Mainstreet Organization of Realtors® ("Association"), entitled *Realtor Association of West/South Suburban Chicagoland v. Calumet City*, No. 06 C 2271 (N.D. Ill.)(Shadur, J.) (the "Prior Litigation").  In the Prior Litigation, Association challenged the constitutionality of City's

then-enacted point of sale inspection ordinance. Importantly, in the Prior Litigation, Judge Shadur twice ruled that immediate injunctive relief enjoining enforcement of various versions of City's POS Inspection Ordinance was necessary and appropriate. (*See* Exs. A and B). City appealed the second injunction entered by Judge Shadur. On October 17, 2007, the Seventh Circuit vacated the December 8 injunction on the ground that Association lacked "prudential" standing to challenge the POS Inspection Ordinance. *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742 (7th Cir. 2007), *cert. denied*, 2008 U.S. LEXIS 4558, 76 U.S.L.W. 3635 (U.S. June 2, 2008). In its opinion in the Prior Litigation, the Court of Appeals stated that a challenge to the POS Inspection Ordinance should be brought in a lawsuit by "all [] homeowners in Calumet City [] joined in a class action." *Mainstreet Org. of Realtors*, 505 F.3d at 747. By this Motion, Salinske seeks to implement the suggestion of the Seventh Circuit.

        4.     This lawsuit is one of several actions that have been filed by City homeowners seeking to have the injunctive relief entered by Judge Shadur reinstated. One of those actions, *Walker v. Calumet City*, No. 07 C 6148 (N.D. Ill.) (Shadur, J.), was filed as a class action but was recently dismissed as moot before the Court (Judge Shadur) ruled on a pending class certification motion.[1] Judge Shadur determined that the case was moot after City represented that it would not enforce its Point of Sale Inspection Ordinance against the designated class representative because her property had recently passed an annual rental dwelling inspection under a separate ordinance (even though the Point of Sale Inspection Ordinance nowhere states that it does not apply if property passes a rental dwelling inspection). Prior to representing that it would not enforce the ordinance against Walker, City represented to

---

[1] Another of those actions is currently pending before Judge Coar in *Mann v. Calumet City*, No. 08 C 555 (N.D. Ill.). The *Mann* action is not a class action. Rather it is an action brought by individual homeowners and, among other things, seeks monetary damages based on City's violation of Judge Shadur's injunction in the Prior Litigation.

3

150794.1

Judge Shadur that it would not enforce the ordinance until he ruled on whether the ordinance with Constitutional. City made that representation to induce Judge Shadur to defer consideration of Walker's motion for preliminary injunction and motion for class certification. City then took actions to moot Walker's claim before Judge Shadur could consider Walker's motions.[2] In light of City's tactics in the *Walker* litigation, Salinske urges the Court to promptly consider this motion.

5. As explained in more detail in the accompanying memorandum, all of the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure are met.

6. Numerosity cannot be disputed. The proposed class consists of all owners of residential property in City who are subject to City's POS Inspection Ordinance and who have listed their property for sale or transfer, either on their own, through a real estate agent or broker, or in some other manner. As of July 9, 2008, there were more than 560 single and multi-family residential properties for sale in City.

7. There are questions of law and fact common to the class. The predominant questions are (1) whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law, (2) whether the POS Inspection Ordinance is unconstitutional because it takes the right to transfer without providing due process, and (3) whether City's uniform refusal to issue re-build letters or other confirmation that property is legal

---

[2] Salinske disputes that City's representation that it would not enforce its Point of Sale Inspection Ordinance mooted Walker's claims. *See e.g.*, *Horina v. City of Granite City*, No. 05-cv-0079, 2005 U.S. Dist. LEXIS 36386, at *11-12 (S.D. Ill. Aug. 29, 2005)(the Seventh Circuit "has long recognized . . . that a defendant cannot moot a claim simply by voluntarily ceasing behavior when it is free to resume that behavior at any time".) (Ex. C). Salinske also disputes that the Court could consider mootness before deciding the pending class certification motion because "the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as . . . a motion for class certification has been made and not ruled on." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003).

nonconforming is unconstitutional and in violation of 65 ILCS 5/11-13-1 because City effectively prohibits owners of legal nonconforming property from selling such property as nonconforming.

8. Salinske's claims are typical of those of the class members. All residential property is subject to the POS Inspection Ordinance. Salinske's and the class members' claims under Counts I and II arise from the face of the POS Inspection Ordinance. In addition, Salinske owns legal nonconforming property subject to the Zoning Code's provisions at issue and City's conduct associated therewith and his claims are thus typical of other owners of legal nonconforming property under Count III.

9. Salinske will fairly and adequately protect the interests of the class. He understands the claims brought in this case and his responsibilities as a class representative. Moreover, his interests are not antagonistic to the class members' interests because all of their claims are identical. Both Salinske and class members stand to benefit from the protection of their constitutional rights.

10. Salinske's counsel, Grippo & Elden LLC, has significant experience in class action and other complex litigation, and are able to commit the resources needed to adequately prosecute the case. Salinske's counsel has vigorously prosecuted these issues on behalf of the Association in the Prior Litigation, represented the plaintiff in the *Walker* litigation and are counsel of record in the *Mann* litigation.

11. City "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Salinske and the proposed class

currently seek only injunctive and declaratory relief and, therefore, class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate.

12. In further support of this Motion, Salinske submits the accompanying Memorandum In Support of Plaintiff Nick Salinske's Motion for Class Certification.

WHEREFORE, Salinske respectfully requests that this Court enter an order determining that this action may proceed as a class action, appointing Salinske as class representative, and appointing Grippo & Elden LLC as class counsel. In addition, in light of the events in the *Walker* litigation, Salinske respectfully requests that the Court promptly consider this Motion.

July 11, 2008

Philip C. Stahl
Patrick T. Nash
Donald P. Bunnin
Mark A. Semisch
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois  60606
(312) 704-7700

Respectfully submitted,

**NICK SALINSKE**

By:   /s/ Patrick T. Nash
          One of his Attorneys

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 11th day of July, 2008, I served the foregoing **PLAINTIFF NICK SALINSKE'S MOTION FOR CLASS CERTIFICATION, MEMORANDUM SUPPORTING PLAINTIFF NICK SALINSKE'S MOTION FOR CLASS CERTIFICATION**, and **NOTICE OF MOTION** to the following by Electronic Mail Transmission via the ECF System upon:

> Mark H. Sterk
> ODELSON & STERK, LTD.
> 3318 West 95th Street
> Evergreen Park, Illinois  60805
>
> John B. Murphey
> ROSENTHAL, MURPHEY & COBLENTZ
> 30 North LaSalle Street
> Suite 1624
> Chicago, IL  60602

>                /s/ Patrick T. Nash
>                Patrick T. Nash

150794.1