IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK SALINSKE, for himself and all others similarly situated, )<br>)<br>)<br>*Plaintiffs,* )<br>)<br>v.    )<br>)<br>)<br>CALUMET CITY, ILLINOIS, )<br>)<br>)<br>*Defendant.* ) | Case No. 08-cv-03017<br><br>Judge Wayne R. Anderson<br>Magistrate Judge Morton Denlow |

### MEMORANDUM SUPPORTING PLAINTIFF NICK SALINSKE'S
### MOTION FOR CLASS CERTIFICATION

Plaintiff, Nick Salinske ("Salinske"), pursuant to Fed. R. Civ. P. 23(a) and (b)(2), moves this Court for the entry of an order determining that this action may proceed as a class action against Defendant Calumet City, Illinois ("City"). This memorandum is submitted in support of Salinske's Motion for Class Certification.

**I.    INTRODUCTION AND DISCUSSION OF RELATED LAWSUITS**

Salinske, a property owner in City, has filed this class action seeking, among other things, a declaration that City's Point of Sale Inspection Ordinance ("POS Inspection Ordinance") is unconstitutional. The POS Inspection Ordinance provides that City property owners are prohibited from selling their property unless it "passes" an inspection during which City can order property owners to make cosmetic repairs to their property. Salinske contends that the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to freely sell their property without due process of law. Salinske also contends that the POS Inspection Ordinance is unconstitutional because it contains no due process protection against City requiring that legal nonconforming

150896.1

property – as compared to illegally converted property – be "deconverted" (*i.e.*, reduced to fewer units) before it can be sold. Salinske also seeks a declaration that City's uniform refusal to issue re-build letters (*i.e.*, stating that legal nonconforming property can be rebuilt as such in accordance with City's Zoning Ordinance) in connection with the sale of legal nonconforming property is unconstitutional. He contends that City's refusal to issue re-build letters and/or other confirmation that property is legal nonconforming is unconstitutional because City effectively prohibits owners of legal nonconforming property from selling such property as nonconforming in violation of the protections in the U.S. Constitution and 65 ILCS 5/11-13-1. More specifically, Salinske contends that City knows that lenders require a re-build letter from City before lenders will loan money for the purchase of legal nonconforming property but City uniformly refuses to issue such letters. As a result of City's conduct, owners of legal nonconforming property are effectively prohibited from selling their property as legal nonconforming and instead are forced by City to deconvert their property if they want to sell it.

This case presents the same issues raised in litigation brought by the Mainstreet Organization of Realtors® ("Association"), entitled *Realtor Association of West/South Suburban Chicagoland v. Calumet City*, No. 06 C 2271 (N.D. Ill.)(Shadur, J.) (the "Prior Litigation"). In the Prior Litigation, Association challenged the constitutionality of City's then-enacted point of sale inspection ordinance. Importantly, in the Prior Litigation, Judge Shadur twice ruled that immediate injunctive relief enjoining enforcement of various versions of City's POS Inspection Ordinance was necessary and appropriate. (*See* Exs. A and B). City appealed the second injunction entered by Judge Shadur. On October 17, 2007, the Seventh Circuit vacated the December 8 injunction on the ground that Association lacked "prudential" standing to challenge the POS Inspection Ordinance. *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742 (7th

2

150896.1

Cir. 2007), *cert. denied*, 2008 U.S. LEXIS 4558, 76 U.S.L.W. 3635 (U.S. June 2, 2008). In its opinion in the Prior Litigation, the Court of Appeals stated that a challenge to the POS Inspection Ordinance should be brought in a lawsuit by "all [] homeowners in Calumet City [] joined in a class action." *Mainstreet Org. of Realtors*, 505 F.3d at 747. By this Motion, Salinske seeks to implement the suggestion of the Seventh Circuit.

This lawsuit is one of several actions that have been filed by City homeowners seeking to have the injunctive relief entered by Judge Shadur reinstated. One of those actions, *Walker v. Calumet City*, No. 07 C 6148 (N.D. Ill.) (Shadur, J.), was filed as a class action but was recently dismissed as moot before the Court (Judge Shadur) ruled on a pending class certification motion.[1] Judge Shadur determined that the case was moot after City represented that it would not enforce its Point of Sale Inspection Ordinance against the designated class representative because her property had recently passed an annual rental dwelling inspection under a separate ordinance (even though the Point of Sale Inspection Ordinance nowhere states that it does not apply if property passes a rental dwelling inspection). Prior to representing that it would not enforce the ordinance against Walker, City represented to Judge Shadur that it would not enforce the ordinance until he ruled on whether the ordinance with Constitutional. City made that representation to induce Judge Shadur to defer consideration of Walker's motion for preliminary injunction and motion for class certification. City then took actions to moot Walker's claim before Judge Shadur could consider Walker's motions.[2] In light of City's tactics in the *Walker* litigation, Salinske urges the Court to promptly consider this motion.

---

[1]  Another of those actions is currently pending before Judge Coar in *Mann v. Calumet City*, No. 08 C 555 (N.D. Ill.). The *Mann* action is not a class action. Rather it is an action brought by individual homeowners and, among other things, seeks monetary damages based on City's violation of Judge Shadur's injunction in the Prior Litigation.

[2]  Salinske disputes that City's representation that it would not enforce its Point of Sale Inspection Ordinance mooted Walker's claims. *See e.g.*, *Horina v. City of Granite City*, No. 05-cv-0079, 2005 U.S.

150896.1

By this Motion, Salinske seeks certification of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(2). As detailed below, each of the requirements set forth in Rule 23(a) is satisfied. The proposed class -- all owners of residential property in City who are subject to the POS Inspection Ordinance and who have listed their property for sale or transfer, either on their own, through a real estate agent or broker, or in some other manner -- is numerous. Fed. R. Civ. P. 23(a)(1). There exists questions of fact and law that are common among the class members (*i.e.*, the constitutionality of the POS Inspection Ordinance and City's uniform refusal to issue "re-build" letters in connection with the sale of legal nonconforming property). *Id*. at (a)(2). Salinske's claims are typical of the class members' claims because they arise from the face of the POS Inspection Ordinance which applies to all owners of residential property in City regardless of whether such property is conforming or legal nonconforming. *Id*. at (a)(3). Likewise, Salinske owns a legal nonconforming property subject to City's uniform refusal to issue "re-build" letters. *Id*. Salinske and his counsel will fairly and adequately represent the class. *Id*. at (a)(4). Accordingly, Salinske respectfully requests that this Court certify the proposed class. Salinske also respectfully requests that the Court appoint him as class representative and his counsel, Grippo & Elden LLC, as class counsel.

## II. STATEMENT OF FACTS

### A. City's Ordinances

As briefly described above, the Point of Sale Inspection Ordinance prohibits the sale of private property unless such property "passes" an inspection. During the inspection, City

---

Dist. LEXIS 36386, at *11-12 (S.D. Ill. Aug. 29, 2005)(the Seventh Circuit "has long recognized . . . that a defendant cannot moot a claim simply by voluntarily ceasing behavior when it is free to resume that behavior at any time".) (Ex. C). Salinske also disputes that the Court could consider mootness before deciding the pending class certification motion because "the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as . . . a motion for class certification has been made and not ruled on." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003).

can order that property owners make cosmetic repairs to their property as a condition of the right to sell. The Point of Sale Inspection Ordinance thus takes away the right to freely sell property without pre-deprivation due process. Rather than repeat for the Court the terms and requirements of City's Point of Sale Inspection Ordinance, and other pertinent City ordinances, Salinske respectfully directs the Court's attention to the Verified Class Action Complaint For Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Declaratory and Other Relief, filed May 23, 2008 ("Complaint"), for a discussion of the ordinances. (*See* Ex. D).

**B.    Salinske's Property and Similarly Situated Property.**

Salinske owns property in City located at 527 155th Street. Complaint at ¶ 7. Salinske's property contains two dwelling units. *Id*. Each unit has passed City's annual inspections. *Id*. The property is listed for sale and is subject to the POS Inspection Ordinance. *Id*. By virtue of its POS Inspection Ordinance, City has taken and interfered and continues to take and interfere with Salinske's right to alienate his property, without due process of law. *Id*.

Since January 1, 2008, according to the multiple listing service, there have been at least 141 sales of property that have closed in City. (Ex. E, Joseph Declaration at ¶ 3). As of July 9, 2008, there were approximately 560 active listings of property in City. *Id*. Other property is also for sale "by owner" that is not identified in the MLS. All property that is for sale is subject to the POS Inspection Ordinance if not enjoined. Likewise, each legal nonconforming property is subject to City's refusal to issue re-build letters and/or other confirmation that property is legal nonconforming.

**C.    The Proposed Class.**

Salinske seeks certification of a Rule 23(b)(2) class consisting of all owners of residential property in City who are subject to the POS Inspection Ordinance and who have listed

5

their property for sale or transfer, either on their own, through a real estate agent or broker, or in some other manner.

III. **ARGUMENT**

Rule 23 of the Federal Rules of Civil Procedure requires a two-step analysis to determine whether class certification is appropriate. First, a plaintiff must satisfy all four requirements of Rule 23(a) (*i.e.*, numerosity, commonality, typicality, and adequacy of representation). *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 203 (7th Cir. 1993). Second, the action must also satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). As discussed below, the requirements of both Rule 23(a) and (b) are satisfied. Indeed, the Court of Appeals anticipated as much.

Cases filed to remedy constitutional violations based upon city ordinances are particularly appropriate for class certification. *See e.g., Devines v. Maier*, 665 F.2d 138 (7th Cir. 1981)(class action suit challenging city's enforcement of its housing code; class members entitled to just compensation pursuant to the Fifth Amendment); *McKenzie v. City of Chicago*, 175 F.R.D. 280 (N.D. Ill. 1997)(granting property owners' motion for class certification to challenge city's municipal code).

Accordingly, the Court should certify a class consisting of all owners of residential property in City who are subject to the POS Inspection Ordinance and who have listed their property for sale or transfer, either on their own, through a real estate agent or broker, or in some other manner and appoint Salinske as class representative and his counsel as class counsel.

A. **The Proposed Class Meets The Requirements Of Fed. R. Civ. P. 23(a).**

1. **The Proposed Class Is Sufficiently Numerous.**

Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Impracticability does not mean impossibility; Salinske need only

6

prove it would be inconvenient and difficult to join the proposed class members. *Bethards v. Bard Access Sys., Inc.*, No. 94 C 1522, 1995 U.S. Dist. LEXIS 22467, at *10 (N.D. Ill. Feb. 22, 1995). (Ex. F). "Where the class is large, the numbers alone are dispositive of the impracticability of joinder," and the Court need not consider other factors to determine whether the numerosity requirement is met. *Thillens, Inc. v. Community Currency Exch. Ass'n*, 97 F.R.D. 668, 677 (N.D. Ill. 1983). Salinske may establish impracticability based on good faith estimates, *Young v. County of Cook*, No. 06 C 552, 2007 U.S. Dist. LEXIS 31086, at *7 (N.D. Ill. Apr. 25, 2007) (Ex. G), and the court may also rely on "common sense assumptions" and reasonable inferences to determine if the numerosity requirement is met. *Walker v. Bankers Life & Cas. Co.*, No. 06 C 6906, 2007 U.S. Dist. LEXIS 73502, at *7 (N.D. Ill. Oct. 1, 2007)(citation omitted) (Ex. H). Although Rule 23(a)(1) contains no threshold requirement, generally 40 or more members are adequate to establish numerosity. *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 290, 296 (N.D. Ill. 2006). Moreover, where the purported class is seeking declarative and injunctive relief, the remedy would protect the rights of future class members for whom joinder is necessarily impracticable. *See Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

Here, it is undeniable that the numerosity requirement is met. As of July 9, 2008, there were more than 560 active listings for the sale of single and multi-family residential property in City and more property for sale "by owner." (Ex. E, Joseph Declaration at ¶ 3). Clearly, the number of owners of residential property in City who have listed their property for sale is greater than 40. This is sufficient to meet the numerosity requirement.

    **2.**    **<u>Common Questions Of Fact Or Law Exist.</u>**

To certify a class, there must exist at least one question of fact or law that is common among the class members. Fed. R. Civ. P. 23(a)(2). The Seventh Circuit has held that "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement

of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).  A common set of operative facts is present when a defendant is claimed to have engaged in "standardized conduct toward the members of the proposed class." *Id*.  "Not all factual or legal questions raised in a lawsuit need be common so long as a single issue is common to all class members." *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986).  Class certification cannot be defeated merely because there are some factual variations among the members' grievances.  *See Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1980).

This element is easily met here because this case involves a facial challenge (Counts I and II of the Complaint) and Salinske and the class have at least the following factual and legal issues in common (with respect to all Counts in the Complaint):

(a)  Whether the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law;

(b)  Whether the POS Inspection Ordinance is unconstitutional because it fails to provide procedural due process; and

(c)  Whether City's refusal to issue re-build letters and/or other confirmation that property is legal nonconforming is unconstitutional and in violation of 65 ILCS 5/11-13-1 because City effectively prohibits owners of legal nonconforming property from selling such property as nonconforming.

### 3. Salinske's Claims Are Typical Of The Claims Of The Class.

A class may be certified where "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De*

8

*La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996). The typicality requirement is meant to ensure that the named representative's claims "have the same essential characteristics as the claims of the class at large." *De La Fuente*, 713 F.2d at 232.

Salinske's claims are typical of the class members' claims because their claims arise from the POS Inspection Ordinance and a common course of conduct, specifically, City's enforcement of the ordinance. In addition, Salinske's claims are typical of the class members' claims because they arise under the same legal theories. If Salinske's Fourteenth Amendment rights are being violated by City, then all class members' constitutional rights are likewise being violated by City. Moreover, Salinske owns a legal nonconforming property subject to City's uniform refusal to issue "re-build" letters. Accordingly, Salinske's claims are typical of all class members (for Counts I and II) and for all members of the class who own legal nonconforming property (Count III).

### 4. Salinske Will Fairly And Adequately Protect And Represent The Interests Of The Class.

Fed. R. Civ. P. 23(a)(4) requires that Salinske fairly and adequately protect and represent the interests of the class. "The adequacy threshold is a low one: 'as long as the Court is assured that the named parties are qualified and capable of fully pursuing the common goals of the class without collusion or conflicts of interest' the requirement is met." *Wallace v. Chicago Hous. Auth.*, 224 F.R.D. 420, 429 (N.D. Ill. 2004) (quoting *Ridings v. Canadian Imperial Bank of Commerce Trust Co. (Bahamas) Ltd.*, 94 F.R.D. 147, 154 (N.D. Ill. 1982)). The adequacy determination has two elements: (1) Salinske's attorneys must be qualified, experienced, and able to conduct the litigation; and (2) Salinske's interests must not be antagonistic to the class

9

members' interests. *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1982). An adequate class representative must maintain only an "understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden of showing this basic understanding is "not difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005).

Salinske's counsel is experienced in class action and other complex litigation, and they are able to commit the resources needed to adequately prosecute the case. Furthermore, they have vigorously prosecuted similar constitutional claims on behalf of Association in the Prior Litigation, represented the plaintiff in the *Walker* litigation and are counsel of record in the *Mann* litigation.

Salinske's interests are not antagonistic to the class members' interests because his claims are identical to the claims of the class members. Given such identity, there is no potential for conflicting interests in this action. Salinske has a sufficient interest in the outcome of this suit because he is subject to the POS Inspection Ordinance and City's conduct, as are the members of the proposed class, and both he and the class stand to benefit from the protection of their constitutional rights through the declaratory judgment and injunction that Salinske seeks.

**B.     The Requirements Of Fed. R. Civ. P. 23(b)(2) Are Met.**

Class certification pursuant to Fed. R. Civ. P. 23(b)(2) is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." "The primary limitation on the use of Rule 23(b)(2) is the requirement that injunctive or declaratory relief is the primary or exclusive remedy sought." *Doe v. Guardian Life Ins. Co. of Am.*, 145 F.R.D. 466, 477 (N.D. Ill. 1992); *Wallace*, 224 F.R.D. at

10

431 (where the main sources of relief sought by plaintiff are declaratory and injunctive relief, the class falls within the ambit of Rule 23(b)(2), and is appropriate for certification).

Here, the only relief currently sought by Salinske and the proposed class members is injunctive and declaratory relief. Specifically, they seek a declaration that the POS Inspection Ordinance is unconstitutional because it unreasonably and unconstitutionally restrains property owners' right to sell their property without due process of law and fails to provide procedural due process, and a preliminary and permanent injunction enjoining enforcement of the POS Inspection Ordinance. They also seek a declaration that City's uniform refusal to issue re-build letters is unconstitutional because City effectively prohibits owners of legal nonconforming property from selling such property as nonconforming in violation of the protections in the U.S. Constitution and 65 ILCS 5/11-13-1. Accordingly, the requirements of Rule 23(b)(2) are satisfied.

## **CONCLUSION**

The proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2). Accordingly, Salinske respectfully requests that this Court certify the class as set forth herein, appoint him as class representative and his counsel, Grippo & Elden LLC, as class counsel. Additionally, in light of the events in the *Walker* litigation, Salinske respectfully requests that the Court consider this Motion promptly.

July 11, 2008

Philip C. Stahl
Patrick T. Nash
Donald P. Bunnin
Mark A. Semisch
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois  60606
(312) 704-7700

Respectfully submitted,

**NICK SALINSKE**

By:   /s/ Patrick T. Nash
            One of his Attorneys

150896.1