IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nick Salinske, for himself and all others similarly situated, | ) ) | |
| | ) | Case No. 08 CV 3017 |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Judge Wayne R. Anderson |
| Calumet City, Illinois, | ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

**MOTION TO DISMISS COMPLAINT**

Defendant City of Calumet City ("City") by its attorneys John B. Murphey and Mark Sterk move to dismiss this Complaint pursuant to FRCP 12(b)(1) and 12(b)(6). In support of this Motion, the City states:

**I.   Introduction**

1.   Plaintiff has filed a three Count Complaint. Count I (¶¶33-44) alleges that the City's Point of Sale Inspection Ordinance ("Ordinance") unreasonably restrains the right of property owners to transfer their real property in the City. This is a facial constitutional challenge. ¶1.

2.   Count II, "Lack of Procedural Due Process," (¶¶41-46), claims that the Ordinance fails to provide appropriate predeprivation hearings and grants unfettered discretion to City building officials (¶43) to "order repairs unrelated to conditions that affect the public health, safety and welfare." ¶43. Count II is also a facial challenge. ¶1.

3.   Count III, (¶¶47-52), seeks mandatory injunctive relief. Count III alleges that the City has a constitutional obligation to "issue re-build letters and/or confirmation regarding whether property is [a] legal nonconforming [use]" as part of a real estate transfer process. Ct.

III, Prayer (d).  Salinske fails to allege that he owns "legal nonconforming" property.  Paragraph 7 alleges only that Salinske owns a 2-unit building at 527 155th Street, Calumet City.

4. This lawsuit is virtually identical to the challenge set forth in Mann v. Calumet City, 08 C 555.  Judge Coar has previously denied the Mann plaintiffs' Motion for TRO.  The City has moved to dismiss the Mann Complaint; our supporting memo is on file and awaits a response from the same attorneys representing this plaintiff.

5. This Complaint fails to state a constitutional claim and should be dismissed.

**II.     Summary of the Ordinance.**

6. The Ordinance is attached to the Complaint as Exhibit A..  The City summarizes the Ordinance in detail below.

*(a) Department Created; Definition; General Requirement*.  This subsection defines the term "point of sale inspection" and provides that a point of sale inspection shall be required relative to the transfer of real estate "except as exempted herein."

*(b) Notice of Proposed Transfer of Real Property Required.*  This subsection requires an owner of property to provide a notice of proposed transfer of real property.

*(c) Compliance Inspection; Pertinent Code Requirements.*  Under this subsection, when the owner submits the notice, the form also constitutes the City's request to conduct a Compliance Inspection.  This subsection gives notice to the owners that the inspection will be specifically limited to making sure the structure complies with the various codes the City has adopted, including various property maintenance codes.  The City has adopted the "2000 International Property Maintenance Code."  This Code is Complaint **Exhibit B.**  This subsection also limits the City's deconversion authority to those properties which have been "illegally

converted," defined to mean structures which violate the zoning ordinance and are not legal nonconforming uses.

*(d) The Proposed Compliance Inspection.* This subsection obligates the City to conduct a proposed Compliance Inspection within 28 days of notice, and notify the seller of his right to refuse consent to the Compliance Inspection. The City must also advise owners of tenants' rights to contest inspections.

*(e) Refusal to Consent; Warrant Procedures.* This subsection requires the City to seek a warrant in the Circuit Court of Cook County within 10 days after the owner's nonconsent in order to conduct a search.

*(f) Uninspected Property; Transfer Stamps.* If an owner declines consent and if either the City does not seek a warrant within 10 days or the court denies the warrant, then the owner may obtain his transfer stamps without a Compliance Inspection.

*(g) Inspection Procedures; Fast Track Due Process.* This subsection deals with the actual processing of an inspection upon either consent or a warrant. This subsection obligates the City to give the owner the results of the inspection within 3 business days after the inspection. At the latest, the owner will be on notice as to the repairs/deconversion process within 31 days after the owner initiates the notice of transfer process.

If the owner disputes the inspector's determination of needed repairs, the Ordinance now provides for fast track administrative review of that determination. The owner may object and an administrative hearing will be provided within five business days. A second layer of review is available by way of appeal to the City's Zoning Board of Appeals. See subsection G(ii) and (iii).

*(h) Follow Up Repairs; Reinspection.* This subsection provides that an owner issued a notice of repairs as provided in subsection (g), shall proceed to make such repairs. Upon

3

completion of the repairs and notice to the City, the City will conduct a reinspection within 3 business days thereafter.

*(i) Payment of Current Water Bill; Predeprivation Hearing.* This subsection provides for payment of the current water bill prior to the issuance of transfer stamps. The City must offer a predeprivation due process hearing prior to closing if the owner disputes such obligation, within 3 business days of such a request. If the owner disputes the City's determination as to liability, the owner is allowed to pay the bill under protest and pursue civil remedies to recover any claimed overcharge.

*(j) Conditional Certificate of Compliance; Procedures.* This subsection allows for the transfer of property even if the repairs have not been completed before closing. An amount equal to the estimated cost of repair is posted with the City, and the buyer is given up to 180 days to complete the repairs. Upon the buyer's failure to complete repairs, the City must seek a court order to require the repairs.

*City Code Section 82-327(b)*. Section 82-327(b) now provides that the City must issue transfer tax stamps not only upon the issuance of a Certificate of Compliance but also when no inspection takes place because of the combination of (i) no consent and (ii) no warrant. This section maintains the requirement that transfer stamps will not issue unless the current water bill is paid. However, this section also cross-references the procedural due process rights set forth in §14-1(i).e.

**III.     Example Of How The Amended Ordinance Operates**

7.     Let's assume that on May 1, 2008, the Johnsons sell their house in Calumet City. They contact a realtor and put the house on the market on May 5th. They know they are going to have to do some work on the house for two reasons: first because the Ordinance may require it;

and second, because the typical form real estate contract grants the buyer pre-closing inspection rights. The Ordinance does not require that the seller have a sales contract in hand as a condition precedent to requesting the inspection. Subsection 14-1(b) is triggered whenever an owner "proposes to engage in a transfer of real property . . ."

8.  Mr. Johnson comes to City Hall on May 5th and authorizes the inspection. Under the Ordinance, that inspection <u>must</u> take place within 28 days (June 2, 2008) and the inspection report <u>must</u> be furnished to Mr. Johnson by June 5.[1] Assuming Johnson completes the punchlist items by June 19, 2008, the reinspection must be completed within the next 3 days. Therefore, the notice, inspection and reinspection process will be completed within 45 days at the outside.[2]

9.  In the meantime, Mr. Johnson and his realtor are trying to sell the house. If they have a buyer and have signed a contract, the normal pre-closing activities are taking place during this same month and a half. The buyer is doing his own inspection and obtaining a home loan. The seller or his attorney is ordering a survey and title commitment.

10.  If Johnson chooses not to consent to the inspection, the burden is on the City to seek and obtain an administrative search warrant. If the City chooses not to seek the warrant, or if the local judge refuses to issue one, the transfer takes place without an inspection. If the City obtains a warrant, the City must proceed with diligence to inspect the property and identify code violations.

11.  Assume the closing is to take place in December, 2008, but the house has code violations like missing gutters and downspouts. This type of work cannot be done in winter. Under Subsection (j), the cost of these repairs is secured, a conditional certificate of compliance

---

[1] For purposes of this hypothetical, we are not taking weekends into consideration; weekends may stretch the inspection chronology by a few days.

[2] We emphasize that these are outside dates. The City has no motivation to wait until the very last day under the ordinance to initiate an inspection.

is issued, the sale is closed, and the buyer has an additional 180 days to make the necessary repairs.

      12.     The Ordinance does not impose unreasonable time constraints on a seller's ability to close on the sale. The time the process is anticipated to take dovetails with the normal passage of time between contract and closing.

      13.     The Ordinance identifies the Code provisions with which structures must be in compliance.  See Subsection (c)(1).  As discussed above, one of the Chapter 14 codes is found in Article X of the Calumet City Code of Ordinances. This Article, "Property Maintenance Code," specifically adopts the International Property Maintenance Code subject to certain specific amendments and revisions. These codes have specific and objective requirements for property maintenance.  See Am. Complaint, Ex. B.

**IV.**     **Administrative and Judicial Due Process**

      14.     Administrative decisions under the Ordinance are subject to multiple layers of review.  The Ordinance gives owner the right to appeal required repair determinations (g), water payment due determinations (i) and notice of deconversion (g(iii).).  Sections 111-1 through 111.8 of the Property Maintenance Code provide that a determination by a building official is subject to appeal to the Zoning Board of Appeals. A full public hearing is provided (Section 111.4-111.6) as well as the right to judicial review (111.7).  An appeal stays enforcement.

      15.     This due process protection is also statutory.  Section 11-13-3 of the Illinois Zoning Code, 65 ILCS 5/11-13-3 calls upon municipalities to create a Zoning Board of Appeals. ("The city council of cities … having a population of less than 500,000 may provide for the appointment of a board of appeals …"). Section 11-13-3(c).  Calumet City has implemented this authority in Section 12.5 of the Zoning Ordinance.

16.     Among the responsibilities of the ZBA is to "hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted under this Division 13." Sec. 11-13-3(f). Ordinance Section 12.5(a) similarly vests the Calumet City ZBA with the authority to "hear and decide appeals from any order, requirement, decision or determination made by the zoning administrator under this ordinance …"

17.     Section 11-13-12 of the Illinois Municipal Code establishes appeal rights. An appeal "may be taken by any person aggrieved or by any officer, department board or bureau of the municipality." Once an appeal is filed, the ZBA fixes a time for a hearing, gives the parties notice, and conducts a hearing where "any party may appear in person or by agent or by attorney."  The decision of the ZBA is subject to administrative review.  65 ILCS 5/11-13-13; Ordinance Section 12.5 ("finality of decisions of the zoning board of appeals.").

18.     The ZBA/administrative review process is specifically available if a municipal administrative official determines that the use of a building as a multi-family residence is not a legal nonconforming use.  Taylor v. Zoning Board of Appeals of the City of Evanston, et al., 375 Ill.App.3d 585, (1st Dist. 2007) (summarizing the law of legal nonconforming use in Illinois).  If a property owner invokes her appeal rights, she receives the benefit of an automatic stay. See 65 ILCS 5/11-13-12 ("An appeal stays all proceedings in furtherance of the action appealed from unless the [zoning] officer … certifies … a stay would … cause imminent peril to life or property").  Even then, either the ZBA or the Circuit Court of Cook County has the authority to overturn the administrative certification that a stay is not appropriate.

### V. Reasons Why the Complaint Should be Dismissed.

19.     The Complaint should be dismissed for the following reasons:

    **A.**    **Count I:**    The Ordinance does not amount to an unreasonable restraint on "the right of property owners to transfer their property.

    **B.**    **Count II:**    The Ordinance does not violate procedural due process.

    **C.**    **Count III:**    (1) Salinske lacks standing to litigate the "legal nonconforming claim;" and (2) the City has no constitutional obligation to "issue rebuild letters and/or confirm that the property is legal nonconforming."

Calumet City requests that the Complaint be dismissed with prejudice.

                City of Calumet City

                By: /s/ John B. Murphey

JOHN B. MURPHEY/ARDC #1992635      MARK STERK/ARDC #3125540
Rosenthal, Murphey & Coblentz      Odelson & Sterk, Ltd.
30 North LaSalle Street, Suite 1624      3318 West 95th Street
Chicago, Illinois 60602      Evergreen Park, Illinois 60805
Tel. (312) 541-1070      Tel. (708) 424-5678
Fax (312) 541-9191      Fax (708) 424-5829

G:\rmcj\calumet city\mann\Motion to Dismiss.doc

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | | |
|---|---|---|
| Marcia B. Gevers<br>Marcia B. Gevers & Assoc.<br>19710 Governors Hwy<br>Suite 8<br>Flossmoor, Illinois 60422 | Mark H. Sterk<br>Michael Joseph Hayes, Jr.<br>Robert Wilder<br>Richard F. Bruen, Jr.<br>Odelson & Sterk<br>3318 W. 95th St.<br>Evergreen Park, Ill. 60805 | Philip C. Stahl<br>Patrick Thomas Nash<br>Grippo & Elden<br>111 South Wacker Drive<br>Chicago, Illinois 60606 |

Donald P. Bunin
Mark A. Semisch
Grippo & Elden LLC
111 South Wacker Drive
Chicago, Illinois 60606


    /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191

| | |
|---|---|
| Filename: | Motion to Dismiss Complaint |
| Directory: | G:\rmcj\Calumet City\Salinske |
| Template: | C:\Documents and Settings\Mary\Application Data\Microsoft\Templates\Normal.dot |
| Title: | IN THE UNITED STATES DISTRICT COURT |
| Subject: | |
| Author: | Cleo |
| Keywords: | |
| Comments: | |
| Creation Date: | 7/14/2008 12:16 PM |
| Change Number: | 6 |
| Last Saved On: | 7/14/2008 12:20 PM |
| Last Saved By: | Cleo |
| Total Editing Time: | 5 Minutes |
| Last Printed On: | 7/14/2008 2:12 PM |

As of Last Complete Printing
    Number of Pages: 9
    Number of Words:    2,101 (approx.)
    Number of Characters:    11,976 (approx.)