IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nick Salinske, for himself and all others similarly situated, | ) ) | |
| | ) | Case No. 08 C 3017 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Wayne R. Anderson |
| Calumet City, Illinois, | ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

**DEFENDANT CITY OF CALUMET CITY'S OPPOSITION TO
PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

**I.     Introduction—The Real Plaintiff**

To understand why the Motion for Class Certification should be denied, it is important to understand who the real plaintiff in this case is. The real plaintiff is the local Realtors Association. The Association's commission-fueled objections to the City's Point-Of-Sale Inspection Ordinance were first expressed in Realtors Association of West/South Suburban Chicagoland v. Calumet City, 06 C 2271. The Seventh Circuit ultimately held that the Association lacks standing. MainStreet Organization of Realtors v. Calumet City, 505 F.3d 742 (7th Cir. 2007).

The Association has filed three lawsuits using straw plaintiffs. Walker v. Calumet City, 07 C 6148. That case has been dismissed. Mann v. Calumet City, 08 C 555 is currently pending before Judge Coar. The allegations in the Mann case are virtually identical to those in this case. Of course, the attorneys for the Association are representing the straw plaintiffs.

Before explaining why this Motion should either be denied or deferred, it is necessary to dispose of plaintiff's misstatement of dicta in the Seventh Circuit's MainStreet decision. That dicta (at 746-7) was during the course of an observation that limiting third party standing will not

prevent an ultimate ruling on the constitutionality of the Ordinance. The Court said that assuming "the harm to the individual homeowner who encounters delay and expense in selling his house because of the ordinance is too slight to motivate him to bear the expense of bringing a lawsuit," the possibility exists that homeowners in Calumet City "can be joined in a class action." The Court further held that there is "no hindrance to the primary victims' enforcing their rights" so as to consider allowing real estate brokers "into the litigation arena."

Obviously there was no ruling by the Seventh Circuit on a motion for class certification. The issue was never presented to the Seventh Circuit.

For the reasons set forth below, the Amended Motion for Class Certification should be denied. In the alternative, the Motion should be stayed pending adjudication of the City's Motion to Dismiss.

**II.     The Proposed Class Action of "All Owners of Residential Property in [Calumet] City" Fails Under Rule 23**

Plaintiff has proposed that this Court certify a class action consisting of "all owners of residential property in [Calumet] City." In a footnote (p.1), plaintiff does a cafeteria-style offering up of fallback classes and subclasses. We first address the only request set forth in the body of the Motion—that the Court certify a class consisting of all owners of residential property in Calumet City, Illinois.

Under FRCP 23(a), one or more members of a class may sue as a representative party only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to all classes; (3) the claims or defenses of the representative parties are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Oshana v. Coca Cola Company, 472, 506, 513 (7th Cir. 2006). The party seeking class certification has the burden. Retired Chicago Police

2

Association v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993). In making this determination, the Court need not accept all of the complaint's allegations as true. Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 675. In deciding whether to certify a class, the Court should make any factual or legal inquiries necessary. Szabo, 249 F.3d at 676. Failure to meet any of the 23(a) requirements precludes class certification. Harriston v. Chicago Tribune, 992 F.2d 697, 703 (7th Cir. 1993).

The Complaint in this case is a facial challenge to the Ordinance. Count I alleges that the Ordinance interferes with a property owner's right to "alienate" his property. Count II alleges various procedural due process flaws. Finally, Count III has nothing to do with the Ordinance itself. Rather, Count III seeks a mandatory injunction requiring the City to issue "rebuild letters" in the case of a property which is a "legal nonconforming use" under the City's zoning ordinance. We will rely on our merits-memoranda to discuss these issues more thoroughly.

The declaration of Thomas Joseph (attached to plaintiff's supporting memorandum) defeats the Motion for Class Certification. Joseph says that as of July 9, 2008, "there were 564 active listings of property in City." According to the 2000 census Calumet City has a total of 15,933 housing units. See www.infoplease.com/us/census/data/illnois/calumet-city/housing.html. Therefore, 96.5% of the residential properties in Calumet City are not for sale.

If we accept the common assumption that most residential properties are owned in joint tenancy by a husband and wife, plaintiff's proposed class of all residential property owners in the City would include perhaps a thousand individuals who are subject to the Ordinance, but over 25,000 individuals who are not subject to the Ordinance, have no intention of selling their homes, and therefore would not have any individual standing to challenge the Ordinance. Certainly an individual who just bought a home in Calumet City and has no intention of moving

from Calumet City during the next 20 years, has no standing to argue that she is realistically in danger of an injury resulting from the Ordinance or its enforcement against others. O'Shea v. Littleton, 414 U.S. 488, 494 (1974); Babbitt v. United Farm Workers, 442 U.S. 289, 298. A party who is not selling her house is not subject to the Ordinance and therefore would have no standing to challenge it. Schmidling v. City of Chicago, 1 F.3d 494 (7th Cir. 1993). Over 95% of the proposed class are individuals who are not proposing to sell their house, are not subject to the Ordinance, and are therefore not proper class members. Simer v. Rios, 661 F.2d 655, 670 (7th Cir. 1981); Tatz v. Nanophase Technologies, 2003 WL 21372471 (N.D. Ill. 2003) (typicality "requires the Court to determine whether the representative plaintiff's claims have the same essential characteristics as the claims of the class at large."). In our case, the vast majority of the proposed class members have no clam against the City because they are not proposing to sell their homes.

  This substantial overbreadth makes the proposed class improper. Oshana v. Coca Cola Company, 472 F.3d 506, 514-15 (7th Cir. 2000). The proposed class is fatally flawed because the impact of the Ordinance depends on the intent or state of mind of individual property owners. A property owner is not subject to the Ordinance until she intends to and embarks upon the sale of her house. A proposed class definition dependent on state of mind is fatally flawed under the typicality requirement. Alliance to End Repression v. Rochford, 565 F.2d 975, 978 (7th Cir. 1977) (class certification appropriately denied in cases where "membership in the class was contingent on the state of mind of the prospective class members"). Because the vast majority of the proposed class members are not subject to the Ordinance, the claims of Mr. Salinske are not "typical of those of the class" for purposes of Rule 23(a). Burns v. First American Bank, 2006

WL 3754829 (N.D. Ill. 2006) ("courts faced with an overbroad class may deny certification for want of typicality.").

This Court must perform a "rigorous analysis" in order to be satisfied that the requirements of Rule 23 are met. General Telephone Company of Southwest vs. Falcon, 457 U.S. 147, 161 (1982). In order to meet the typicality requirement, the named representatives must establish the bulk of the elements of each member's claim when she proves her own. Ellis v. Elgin Riverboat Resort, 217 FRD 415, 428 (N.D. Ill. 2003). In the present case, the vast majority of the proposed class members have no claim against the City and because they have no intent to sell their properties, and would have no standing to challenge the Ordinance. Like most of us, they are living in their homes with no intent to sell in the foreseeable future. Because over 95% of the class members are not suffering from the same injury as that claimed by the class representative, the typicality requirement cannot be met. East Texas Motor Freight System v. Rodriguez, 431 U.S. 395, 403 (1977) (class representative and class members must suffer the same injury). Because the proposed class of all owners of residential property in Calumet City does not meet the typicality requirement of Rule 23(a), the class certification should be denied.

**III.    The Court Should Reject Plaintiff's Footnote 1 Alternatives**

It is up to plaintiff to propose the class. Perhaps in recognition of the weakness of the "all property owner" class, plaintiff has dropped a footnote suggesting at least two separate classes. Among other things, plaintiff suggests "a subclass of all owners of legal nonconforming property (or those who have listed their property for sale) in [the] City." Plaintiff has furnished this Court with absolutely no information as to how many of the 564 houses that are for sale now are "legal nonconforming properties" so as to be potentially affected by Count 3. The proposed class of homeowners who list their property for sale constantly changes. Sending notices out to people

who are in the process of selling their homes and complying with the Ordinance will be expensive, time consuming, and confusing. It is certainly inappropriate for a party to propose alternate classes in throwaway footnote fashion without any explanation as to the practical considerations.

At a minimum, plaintiff's flippant treatment of potential class identification argues for this Court to defer a decision on class certification pending resolution of the preliminary injunction/motion to dismiss.

**IV.    The Court Should Defer Consideration of the Class Certification Issue Pending Disposition of the Motion to Dismiss and Motion for Preliminary Injunction**

As we discuss in our other filings, this lawsuit consists of several facial challenges to the constitutionality of the Point-of-Sale Inspection Ordinance. Plaintiff has a heavy burden. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." U.S. v. Salerno, 481 U.S. 739, 745 (1987); Lyttle v. Killackey, 546 F.Supp.2d 583, 591 (N.D. Ill. 2008) ("the test that a facial challenge must meet is demanding."). Given the nature of the challenge and the certainty that the loser on this Court's decision on the Motion for Preliminary Injunction will appeal, it is appropriate for this Court to utilize the flexibility provided by the 2003 amendment to Rule 23(c)(1) and defer ruling on the Motion for Class Certification pending disposition of the City's Motion to Dismiss and Salinske's Motion for Preliminary Injunction.

Prior to the 2003 amendments, 23(c)(1) required that a certification determination be made "as soon as practicable after commencement of the action." In order to give District Courts more flexibility in making certification determinations, the Rule was amended to provide that the certification decision should be made "[a]t an early practicable time after a person sues or is sued

6

as a class representative."  According to the Advisory Committee notes, this change was made because the existing language did not reflect prevailing practice.  For example, the Seventh Circuit held that the pre-2003 version allowed for "wiggle room" and did not mandate a ruling on class certification prior to a ruling on the merits.  <u>Cowen v. Bank United of Texas</u>, 70 F.3d 937, 941 (7th Cir. 1995).

Second, the Advisory Committee observed there are "many valid reasons that may justify deferring the initial certification decision."  Among the valid reasons for deferring class certification decisions include that the "party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."  The <u>Manual for Complex Litigation</u>, Section 21.133, recognizes that "courts should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action.  Early resolution of these questions may avoid expense for the parties and burdens for the court, and may minimize use of the class action process for cases that are weak on the merits."  The Manual further notes that "pre-certification rulings on threshold dispositive motions are proper."

The parallel motions for dismissal and for preliminary injunction will be briefed fully soon and ready for disposition.  The City respectfully asks that in light of the amendments to Rule 23, and consistent with cases such as <u>Talley v. NCO Financial Systems, Inc.</u>, 2006 WL 2927596 (N.D. Ind. 2006), at *2, "it is in the interests of judicial economy and efficiency for the court to rule on the motion [to dismiss] prior to the motion for class certification in order to determine whether the claim of the named plaintiff lacks merit and thus whether the motion for class certification is moot."  The City recognizes that this position effectively "waive[s] the protection of subsequent suits under Rule 23(b)(1)(A).  <u>Id</u>.

7

**V.      Conclusion**

The City requests that this Court deny the Motion for Class Certification of a class consisting of all owners of residential property in Calumet City and reject the footnote alternatives.  In the alternative, the City requests that this Court grant the City's previously filed Motion to Stay.

                                                         City of Calumet City

                                                         By:      /s/ John B. Murphey

| | |
|---|---|
| JOHN B. MURPHEY/ARDC #1992635 | MARK STERK/ARDC #3125540 |
| Rosenthal, Murphey & Coblentz | Odelson & Sterk, Ltd. |
| 30 North LaSalle Street, Suite 1624 | 3318 West 95th Street |
| Chicago, Illinois 60602 | Evergreen Park, Illinois 60805 |
| Tel. (312) 541-1070 | Tel. (708) 424-5678 |
| Fax (312) 541-9191 | Fax (708) 424-5829 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Philip C. Stahl | Mark H. Sterk |
| Patrick T. Nash | Odelson & Sterk |
| Donald P. Bunnin | 3318 W. 95th St. |
| Mark A. Semisch | Evergreen Park, Ill. 60805 |
| Grippo & Elden | |
| 111 South Wacker Drive | |
| Chicago, Illinois 60606 | |

          /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191

G:\rmcj\calumet City\salinske\Opposition to Amended Mot Class Cert.doc